Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMA REALTY LLC,

    *Plaintiff,*

v.

9440 FAIRVIEW AVENUE LLC, JOSEPH SANZARI, TIMOTHY MURRAY, JOSEPH SANZARI INC., NORTH BERGEN ASPHALT LLC, and TILCON NEW YORK, INC.,

    *Defendants.*

Civil Action No. 13-457 (JMV) (MF)

**OPINON**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on Defendant Tilcon New York, Inc.'s ("Tilcon") motion for summary judgment, D.E. 183. Defendant seeks summary judgment on Count Eight of Plaintiff AMA Realty LLC's ("AMA") First Amended Complaint, charging Tilcon with private nuisance. The Court reviewed submissions made in support of the motions and considered the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons that follow, Tilcon's motion is **GRANTED**.

**I.    Procedural History & Factual Background**

The following facts are taken from Defendant's Statement of Undisputed Material Facts, D.E. 184-3 (hereinafter "Defendant's SOMF"), and the First Amended Complaint ("FAC"), D.E. 31.[1] Plaintiff AMA owns property located at 9501 Fairview Avenue in North Bergen, New

---

[1] Plaintiff here, as it did in the parallel motion for summary judgment filed by other named Defendants, relies on factual allegations made in the FAC, rather than supporting them with evidence. However, such allegations cannot be used to create a genuine issue of material fact

Jersey (the "Property"). Defendant's SOMF at ¶1. Named Defendant North Bergen Recycling ("NBR") operated a recycling facility on land adjacent to the Property. In August 2011, Tilcon purchased NBR's property. *Id.* at ¶¶2-3. AMA alleges that Tilcon has allowed contaminated groundwater to flow from Tilcon's land onto the Property, causing Plaintiff "significant damages." FAC at ¶¶14, 112.

With its opposition to Tilcon's motion, AMA submitted a certification dated February 2, 2017, and amended on Mach 9, 2017, from John Larkins, an employee of RTP Environmental Associates ("RTP"). *See* Certification of John Larkins (hereinafter "Larkins Cert."), D.E. 192-1 at ¶3; Exhibit A to the Certification of Bruce I. Goldstein, Esq. (hereinafter "Goldstein Cert.") D.E. 205-1. AMA hired Larkins as the Licensed Site Remediation Professional "to manage the environmental remediation activities required at [the Property]." Ex. A. to Goldstein Cert. at ¶3. Larkins states in his certification that RTP conducted an investigation into the groundwater on the Property from August 14, 2012 to February 13, 2017, and that "groundwater contamination has been detected," and "groundwater contour maps have periodically indicated that groundwater flow is flowing from the Tilcon site . . . directly onto plaintiff AMA Realty LLC's property." *Id.* at ¶4.

Tilcon attached to its motion and reply brief excerpts from Larkins' deposition testimony, taken on October 20, 2016. *See* Exhibit F to the Certification of Timothy Corriston (hereinafter "Corriston Cert."). During that deposition, Tilcon's attorney asked Larkins whether RTP had "sufficient data to quantify or qualify the impact specifically from . . . the Tilcon property on the groundwater with respect to the AMA property" to which Larkins answered, "No." *See id.* at pg.

---

precluding summary judgment. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (noting that while sufficiently pleaded allegations in a complaint are sufficient to overcome a motion to dismiss, actual evidence must be presented at the summary stage).

81. Also during his deposition, Larkins testified that RTP identified potential sources of the contamination as the historical fill located on the property, brought to the AMA property, or possible regional contamination. *Id.* at pg. 68.

RTP also wrote a letter to AMA's president, Michael Aita, in January 2016, stating that after eight rounds of groundwater sampling, additional testing was needed to "provide conclusions," and that "[u]ntil the groundwater investigation is complete, any adjacent sites cannot be ruled out as a potential responsible party." *See* Ex. E to Corriston Cert. at pg. 4. It appears from the "Groundwater Analytical Data Summary" attached to Mr. Larkins' amended certification that nine rounds have been conducted, the last of which was performed on February 14, 2017, almost a full two years after the eighth round on March 19, 2015. *See* Ex. A to Goldstein Cert.

Plaintiff filed the FAC on September 9, 2013. D.E. 31. Only Count Eight, alleging private nuisance, was brought against Defendant Tilcon. Tilcon filed a motion to dismiss on September 26, 2013, which was dismissed by Judge McNulty on May 2, 2014. D.E. 38, 52. Tilcon filed the instant motion on December 23, 2016. D.E. 183. Plaintiff filed its opposition on February 3, 2017. D.E. 191. Plaintiff, however, did not file its opposition to Defendant's statement of material facts until March 23, 2017. D.E. 205. Defendant filed its reply brief on April 13, 2017. D.E. 210.

## II.  Standard of Review

Summary judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Abraham v. Raso*, 183 F.3d 279, 287 (3d Cir. 1999). A fact in dispute is material when it "might affect the outcome of the suit under the governing law" and is genuine

"if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255)). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and must demonstrate that there is an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party adequately supports its motion, the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). To withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249-50)).

Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case."

*Celotex Corp.*, 477 U.S. at 322. "If reasonable minds could differ as to the import of the evidence," however, summary judgment is not appropriate. *See Anderson*, 477 U.S. at 250-51.

**III. Analysis**

    **a. Private Nuisance**

Private nuisance a tort wherein a plaintiff claims that the defendant has unreasonably interfered "with the use and enjoyment" of the plaintiff's property. *Ross v. Lowitz*, 222 N.J. 494, 505 (2015). New Jersey has adopted the Restatement (Second) of Torts definition of private nuisance, which defines it as either an invasion that is "intentional and unreasonable" or "unintentional and otherwise actionable under the rules controlling liability for negligent and reckless conduct, or for abnormally dangerous conditions or activities." *Id.* at 505-06 (quoting Restatement (Second) of Torts §822 (2017)). It is unclear from the FAC and from the Plaintiff's opposition if Plaintiff is alleging Defendants have committed the first category of private nuisance or the second. The FAC states that Defendants' conduct is "negligent, reckless and/or intentional," but the opposition brief says that Tilcon has continued the other named Defendants' course of "deliberate and willful" conduct. Plaintiff's allegations are that Defendant has "permitted contaminated groundwater and continues to permit contaminated groundwater to flow onto Plaintiff's property on a continuing basis which constitutes a Private Nuisance." FAC at ¶110.

Tilcon asserts that it is entitled to summary judgment because Plaintiff has failed to produce sufficient evidence of causation, that is, they have failed to show that the alleged groundwater contamination was caused by contaminated water flowing from the Tilcon site. Tilcon further asserts that it is entitled to summary judgment because under New Jersey law, AMA does not have a proprietary interest in the groundwater. Tilcon also argues that because it

5

bought the site from NBR in compliance with relevant New Jersey Department of Environmental Protection regulations, NBR was responsible for remediating any contamination on the property, not Tilcon.

As discussed below, AMA provides little in the way of opposition. They merely respond that Larkins' certification provides sufficient evidence of causation, thereby precluding summary judgment. AMA does not address the proprietary interest argument, nor the argument about NBR's responsibility for remediating the site. Tilcon in their reply asks the Court not to consider Larkins' certification pursuant to the sham affidavit doctrine. They argue that without the certification, AMA's claim fails as a matter of law, as AMA has failed to present a genuine issue of material fact as to causation.

### b. Sham Affidavit Doctrine

Defendant claims that Larkins' certification should be barred from the Court's consideration by the "sham affidavit" doctrine. A sham affidavit is a document in which the affiant contradicts his prior deposition testimony and is submitted for the purpose of defeating summary judgment. *See Daubert v. NRA Group, LLC*, 861 F.3d 382, 391-2 (3d Cir. 2017) (stating that the trial judge may "disregard an affidavit . . . if it's clear [it] was offered 'solely' to defeat summary judgment") (internal citations omitted). Under the doctrine, courts do not consider such affidavits in determining whether a party has raised a genuine issue of material fact. *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). The Third Circuit, however, permits consideration of a contradictory affidavit "when there is independent evidence in the record to bolster an otherwise questionable affidavit." *Jiminez*, 503 F.3d at 254 (internal citation omitted).

The Court finds that Larkins' certification meets the definition of a sham affidavit and therefore does not consider it in this summary judgment motion. Larkins' certification directly

contradicts his deposition testimony. During his deposition, Larkins testified that it was not clear where the groundwater contamination was coming from and that there were several possible sources. In other words, he could not establish causation, a necessary element of private nuisance. Larkins now states in his certification that the contamination is coming from the Tilcon site.

Moreover, AMA does not show good cause as to why this contradictory certification should be considered at this late stage. AMA knew from at least the time of Larkins' deposition that he could not give a definitive opinion as to causation. However, Plaintiff made no effort to cure the deficiency either before or soon after the deposition. Instead, Plaintiff asked Larkins to collect data *after* Tilcon filed its motion for summary judgment. Indeed, Plaintiff did not file its opposition to Defendant's statement of material facts until March 23, 2017 – over six weeks *after* Plaintiff filed its opposition brief. In addition, Larkins based his certification on a ninth round of testing which occurred two years *after* the inconclusive eighth round. In fact, the ninth round occurred on February 14, 2017 *after* Plaintiff submitted its opposition brief. Not only did this testing occur well *after* the close of fact and expert discovery, it happened *after* Tilcon filed its motion and *after* Plaintiff had opposed it. Additionally, the Larkins certification carries with it no analysis; Plaintiff simply appended eight pages of data without any explanation of what it purports to show.

For these reasons, the Court does not consider Larkins' certification pursuant to the sham affidavit doctrine. Without it, Plaintiff has failed to present any evidence raising a genuine issue of material fact precluding summary judgment.

The Court further notes that Tilcon also argued that it is entitled to summary judgment because, pursuant to New Jersey law, AMA does not have a proprietary interest in the

groundwater; instead, it only maintains a usufructuary interest. AMA completely fails to address this argument. Indeed, in its opposition brief (which is slightly over six pages long), Plaintiff devotes less than one page to legal analysis. Moreover, half of the analysis relies on allegations in the FAC, which the Court cannot consider to defeat summary judgment, as discussed in note 1 *supra*.

### IV. Conclusion

For the reasons stated above, Tilcon's motion for summary judgment is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: December 28, 2017

                                                              John Michael Vazquez, U.S.D.J.