# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMA REALTY LLC,<br><br>        Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>9440 FAIRVIEW AVENUE, LLC, JOSEPH SANZARI, TIMOTHY MURRAY, JOSEPH SANZARI INC., NORTH BERGEN ASPHALT LLC, and TILCON NEW YORK, INC.<br><br>        Defendant/Counterclaimant/ Third-Party Plaintiff<br><br>v.<br><br>MILLENNIUM RESOURCES RECOVERY, LTD, PERFECT BODY & FENDERS CO., INC., and JOHN DOES 1-5.<br><br>        Third-Party Defendants. | CIVIL ACTION NO.: 02:13-cv-00457 (JMV/MF) |

**DEFENDANT/THIRD PARTY PLAINTIFF 9440 FAIRVIEW AVENUE, LLC AND DEFENDANTS JOSEPH SANZARI, TIMOTHY MURRAY, JOSEPH M. SANZARI INC. AND NORTH BERGEN ASPHALT, LLC'S**

**BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM REFERRING TO DEFENDANTS COLLECTIVELY AND AS THE "SANZARI DEFENDANTS" AND PRECLUDING PLAINTIFF FROM INTRODUCING EVIDENCE OUTSIDE OF THE SCOPE OF THE REMAINING ALLEGED CLAIMS AS AGAINST THE REMAINING DEFENDANTS**

 

*Of Counsel*:
    *Timothy E. Corriston, Esq.*

*On the Brief*:
    *Helen A. Nau, Esq.*

Connell Foley LLP
56 Livingston Avenue
Roseland, NJ 07068
973.535.0500
*Attorneys for Defendant/
Counterclaimant/Third-Party Plaintiff,
9440 Fairview Avenue, LLC, and
Defendants, Timothy Murray,
individually, Joseph M. Sanzari Inc.,
and North Bergen Asphalt, LLC, a*

Krovatin Klingeman LLC
60 Park Place, Suite 1100
Newark, NJ 07102
973.424.9777
*Attorneys for Defendant,
Joseph M. Sanzari, individually*

# **TABLE OF CONTENTS**

LEGAL ARGUMENT .......................................................................................... 1

   POINT I ............................................................................................................ 1

      DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
      PLAINTIFF FROM REFERRING TO DEFENDANTS
      COLLECTIVELY AND AS THE "SANZARI DEFENDANTS"          1

   POINT II .......................................................................................................... 4

      DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE
      PLAINTIFF FROM INTRODUCING EVIDENCE OUTSIDE OF
      THE SCOPE OF THE REMAINING ALLEGED CLAIMS AS
      AGAINST THE REMAINING DEFENDANTS.                                    4

CONCLUSION ................................................................................................... 7

# TABLE OF AUTHORITIES

*Cases*

Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002) ............................................................................................................... 7

DeSanto v. Rowan Univ., 224 F Supp. 2d 819, 826 ............................................ 5, 6

Narin v. Lower Merion School Dist., 206 F.3d 323, 334 (3d Cir. 2000) ............................................................................................................... 6

Ramirez v. United Parcel Serv., 2010 WL 1994800, at *2 (D.N.J. May 17, 2010) ............................................................................... 6

State v. Buckley, 216 N.J. 249, 270 (2013) ............................................................ 5

*Rules*

Fed. R. Evid. 401 ................................................................................................... 5

Fed. R. Evid. 403 ................................................................................................... 7

Fed. R. Evid. 404 ................................................................................................... 7

Fed. R. Evid. 802 ................................................................................................... 7

# LEGAL ARGUMENT

## POINT I

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE PLAINTIFF FROM REFERRING TO DEFENDANTS COLLECTIVELY AND AS THE "SANZARI DEFENDANTS"

Defendants 9440 Fairview Avenue LLC ("9440"), Joseph Sanzari, Inc. ("JMS Inc."), North Bergen Asphalt LLC ("NBA"), Tilcon New York Inc. ("Tilcon"), and individual defendants Joseph Sanzari and Timothy Murray respectfully move *in limine* to preclude Plaintiff AMA Realty LLC from referring to the Defendants collectively, and from improperly referring to the "Sanzari Defendants," or Joseph M. Sanzari personally or JMS Inc., to the jury during trial. AMA should be precluded from referring to Defendants collectively and as the "Sanzari Defendants" because doing so would pose a danger of unfair prejudice, confuse the issues, and mislead the jury.

From the beginning of this dispute—in pleadings in this litigation and in a media campaign that has been the subject of motion practice in this litigation—plaintiff AMA Realty, its principal Michael Aita, and his many attorneys have targeted Joseph Sanzari and his company JMS Inc. even though Mr. Sanzari and JMS Inc. had virtually no role in the allegations in the First Amended Complaint ("FAC"), including the allegations that this Court dismissed in summary judgment. Consequently, Mr. Sanzari and JMS Inc. fear that plaintiff and counsel at trial will

1

again attempt to target Mr. Sanzari and JMS Inc. by invoking the Sanzari name in its opening statement, witness examinations, and closing argument before the jury. Plaintiff and counsel should be permitted to mention Mr. Sanzari and JMS Inc. by name only in connection with evidence that connects Mr. Sanzari and/or JMS Inc. to the remaining allegations against Mr. Sanzari and/or JMS Inc.

Specifically, AMA has improperly attempted to spread the alleged liability as broadly as possible. AMA makes broad allegations in its FAC referring to "Defendants" collectively throughout the pleading, rather than parsing out the alleged conduct attributable to a particular defendant. (See FAC, Dkt. No. 31). AMA unsuccessfully sought to broadly label the Defendants collectively as participants in a RICO enterprise. (See FAC, Dkt. No. 31, First and Second Counts). AMA also unsuccessfully sought to shift liability related to the alleged breach of the Lease from 9440 to Joseph Sanzari, individually. (*See* AMA's Motion for Summary Judgment as to Joseph Sanzari's individual liability on the Lease, Dkt. No. 184.)

On December 28, 2017, the Court entered an Opinion and Order denying the AMA's motion for partial summary Judgment; and, <u>granting</u> Defendants' motions for Summary Judgment as to:

(1) Counts 1 & 2 (RICO Claims – all Defendants);

(2) Count 3 (Breach of Contract – all Defendants except 9440 (which entity did not move for summary judgment);

(3) Count 4 (Negligence -- all Defendants);

(4) Count 7 (Fraud --all Defendants); and,

(5) Count 9 (Punitive Damages -- all Defendants).  (Dkt. No. 215).

As a result of the Court's decision on the Defendants' Motions for Summary Judgment, the remaining claims under the FAC are the following:

- Breach of Contract/Lease as to 9440 only (Count 3);

- Unjust Enrichment[1] (Count 5); and,

- Clean Water Act. (Court 6).  (See Dkt. No. 215).

While AMA had previously asserted a host of claims, including a purported and belated breach of contract claim against Joseph Sanzari individually, those claims have been dismissed with prejudice.  As a result, AMA should be precluded from referring to Defendants collectively and as the "Sanzari Defendants" because doing so would pose a danger of unfair prejudice, confuse the issues, and mislead the jury.  Likewise, AMA and counsel should be permitted to mention Mr. Sanzari and JMS Inc. (as well as Mr. Murray, NBA and Tilcon) by name only in

---

[1] Per the Opinion, AMA will "not be permitted a double recovery pursuant to a breach of contract and unjust enrichment [claim]."  Further, per the Opinion, plaintiff's allegations may give rise to a valid unjust enrichment claim, but that AMA may only recover under this theory [unjust enrichment] or a breach of contract theory, not both. (Dkt. No. 215, at 20).

3

connection with specific evidence that connects Mr. Sanzari and/or JMS Inc. (and the other defendants) to the remaining allegations against each of them.

### POINT II

### DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OUTSIDE OF THE SCOPE OF THE REMAINING ALLEGED CLAIMS AS AGAINST THE REMAINING DEFENDANTS.

AMA should be barred from introducing evidence outside of the scope of the remaining alleged claims against the remaining defendants. AMA should be limited to introducing evidence relating only to the potential surviving claim against Joseph Sanzari[2] and the other defendants.

Any extraneous evidence is irrelevant as a matter of law. To be admissible at trial, evidence must be relevant. Fed. R. Evid. 402; DeSanto v. Rowan Univ., 224 F. Supp. 2d 819, 825 (D.N.J. 2002) ("Rule 402 dictates that relevant evidence is admissible, while evidence which is not relevant is not."); see e.g. State v. Buckley, 216 N.J. 249, 270 (2013) (reversing ruling denying motion *in limine* to exclude irrelevant evidence). Federal Rule of Evidence 401 provides: "Relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

---

[2] Incidentally, discovery has revealed that Mr. Sanzari's participation in the alleged conduct was limited to signing the Lease as a member and on behalf of 9440.

than it would be without the evidence. Fed. R. Evid. 401; <u>DeSanto v. Rowan Univ.</u>, 224 F. Supp. 2d 819, 825.

As a result of the Court's decision on the Defendants' Motions for Summary Judgment, the remaining claims under the FAC are the following:

- Breach of Contract/Lease as to <u>9440</u> <u>only</u> (Count 3);
- Unjust Enrichment[3] (Count 5); and

Clean Water Act. (Court 6). (<u>See</u> Ex. C to Corriston Cert.)

Evidence relating to claims that have previously been dismissed is inadmissible. <u>Ramirez v. United Parcel Serv.</u>, 2010 WL 1994800, at *2 (D.N.J. May 17, 2010) (granting motion in limine to exclude evidence regarding previously dismissed claims because they are not relevant to the remaining claims); <u>see</u> <u>also</u> <u>Narin v. Lower Merion School Dist.</u>, 206 F.3d 323, 334 (3d Cir. 2000) (affirming the trial court's decision to bar evidence related to plaintiff's summarily dismissed claims because they had no probative value); <u>DeSanto v. Rowan Univ.</u>, 224 F Supp. 2d 819, 826 (granting defendants' in limine motion to bar plaintiff from introducing evidence of national origin discrimination where that claim had been dismissed on summary judgment).

---

[3] Per the Opinion, AMA will "not be permitted a double recovery pursuant to a breach of contract and unjust enrichment [claim]." Further, per the Opinion, plaintiff's allegations may give rise to a valid unjust enrichment claim, but that AMA may only recover under this theory [unjust enrichment] or a breach of contract theory, not both. (Ex. C to Corriston Cert., Dkt. No. 215, at 20).

5

5100078-2

Moreover, the Federal Rules of Evidence exclude as inadmissible several categories of evidence – such as hearsay, (see Fed. R. Evid. 802), and character evidence, (see Fed. R. Evid. 404), that may otherwise qualify as relevant.

Even evidence that passes the threshold test of relevant and otherwise avoids other bars of admissibility, may be excluded under Federal Rule of Evidence 403 which permits the exclusion of relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, ... undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3d Cir. 2002). There is no question that an attempt by AMA to introduce evidence pertaining to alleged misconduct by Mr. Sanzari or any other defendant would only serve to confuse the issues, mislead the jury and unfairly prejudice the defendants.

In sum, Plaintiff should be required to limit any evidence in support of its claims for breach of contract, unjust enrichment and the Clean Air Act to only those remaining defendants within the scope of the remaining alleged claims. Specifically, AMA should be barred from introducing any evidence concerning alleged wrongful conduct by Mr. Sanzari and others.

## **CONCLUSION**

For the foregoing reasons, Defendant /Counterclaimant 9440 Fairview Avenue LLC, and defendants Joseph Sanzari, Inc., North Bergen Asphalt LLC, and individual defendants Timothy Murray and Joseph Sanzari, respectfully request that the Court grant the within Motions *in Limine* (1) to prohibit Plaintiff AMA Realty LLC from referring to the Defendants collectively and from similarly referring to the "Sanzari Defendants" to the jury during trial, and likewise, requiring AMA to mention Mr. Sanzari and JMS Inc. (as well as Mr. Murray, NBA and Tilcon) by name only in connection with evidence that connects them to the remaining allegations against each of them; and, (2) to bar AMA from introducing evidence outside of the scope of the remaining alleged claims.

KROVATIN KLINGEMAN LLC
Attorneys for Defendant,
Joseph M. Sanzari, individually

By:/s/ *Henry E. Klingeman, Esq.*
      Henry E. Klingeman, Esq.
      Helen A. Nau, Esq.

Dated: July 15, 2019

CONNELL FOLEY LLP
Attorneys for Defendant/ Counterclaimant/Third-Party Plaintiff, 9440 Fairview Avenue, LLC, and Defendants, Timothy Murray, individually, Joseph M. Sanzari Inc., and North Bergen Asphalt, LLC

By:/s/*Timothy E. Corriston, Esq.*
      Timothy E. Corriston, Esq.

5100078-2