# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

AMA REALTY LLC,

    *Plaintiff*,

v.

9440 FAIRVIEW AVENUE LLC, et al,

    *Defendants*.

Civil Action No. 13-457 (JMV) (MF)

**ORDER**

**John Michael Vazquez, U.S.D.J.**

Currently before the Court are motions in limine. The Court reviewed all submissions, including exhibits, in support of and in opposition to the motions. D.E. 268, 269, 270, 272, 278, 279, 280, 282. The Court then held oral argument on October 2, 2019. For the reasons stated on the record,[1] and for good cause shown,

**IT IS** on this 2nd day of October, 2019,

**ORDERED** that Plaintiff's request for a jury site visit during the trial, D.E. 285, is **DENIED**; and it is further

**ORDERED** that Defendants' motion as to referencing Defendants as the Sanzari Defendants, D.E. 271, is **DENIED without prejudice**. Defendants are permitted to raise any relevant objection during the trial. In addition, Defendants may submit a proposed jury instruction, for use during trial, as to the issue; and it is further

**ORDERED** that Defendants' motion as to proposed Plaintiff's expert Donohue, D.E. 269,

---

[1] As noted on the record, the Court reviewed the accompanying exhibits to the motions, including the expert reports. As also noted, the Court declined to raise issues *sua sponte* which could have led to a different result in the Court's decision. Instead, the Court ruled in light of the parties' specific arguments and analyses.

is **GRANTED**. Plaintiff shall not call Donohue as an expert during trial; and it is further

**ORDERED** that Defendants' motion as to proposed Plaintiff's expert Miano, D.E. 270, is **GRANTED** in that Miano will not be permitted to testify as to loss of use of funds or projection of future loss/future value calculation. If appropriate, the Court will consider the parties' arguments as to pre-judgment interest and post-judgment interest. Miano's testimony must also be modified to the extent she relied on Plaintiff's expert Rinaldi's calculations as ordered herein; and it is further

**ORDERED** that Defendants' motion as to proposed Plaintiff's expert Larkins, D.E. 269, is **GRANTED in part**. Larkins will be permitted to testify about the placement of asphalt millings on the subject property as well as to the placement of fill and its impact on the property. Larkins will also be permitted to testify as to remediation costs, but Defendants are granted leave to file an additional submission as to whether Larkins' proposed testimony as to the amount of remediation costs is legally sufficient (because, among other things, they are estimates) to be presented to the jury. The parties shall also meet and confer in good faith as to Plaintiff's proposed witness, Mr. Elias. If the parties cannot reach an agreement as to Mr. Elias' testimony, the parties are granted leave to file submissions with the Court; and it is further

**ORDERED** that Defendants' motion as to proposed Plaintiff's expert Rinaldi, D.E. 268, is **GRANTED** in that Rinaldi is precluded from testifying as to (1) stigma costs or damages; (2) deferred utility costs or damages; (3) cost to cure measurements (as to the additional percentage increases that Rinaldi added to the alleged damage amounts); and (4) excess operating expenses as to groundwater monitoring; and it is further

**ORDERED** that Defendants' motion as to proposed Plaintiff's expert Parisi, D.E. 269, is **GRANTED in part** in that Parisi is limited to testifying about the damage caused by the

2

topography change/alteration to the subject property; and it is further

**ORDERED** that Third-Party Defendant Perfect Body & Fenders Co., Inc.'s motion as to proposed Defendants' expert Sullivan, D.E. 272, is **DENIED as moot** in light of the Court's ruling as to Parisi.

                                                  John Michael Vazquez, U.S.D.J.