Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMA REALTY LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>9440 FAIRVIEW AVENUE LLC, et al.,<br><br>*Defendants*. | Civil Action No. 13-457 (JMV) (MF)<br><br>**OPINION** |

I. **BACKGROUND**

The parties dispute the content of the final judgment in this matter. This action came before the Court and was tried to a jury from October 21, 2019 to November 4, 2019. The jury rendered a verdict in favor of Plaintiff on November 4, 2019. The Court then sent counsel a draft final judgment for review. The parties responded with numerous letters as to the draft final judgment. D.E. 340, 341, 342, 343, 345. Due to the parties' disagreements, the Court held a telephone conference with counsel, D.E. 346, and set forth a briefing schedule for additional submissions concerning the final judgment, D.E. 347. The parties then submitted letter briefs, D.E. 348, 351, 352, which the Court reviewed.

Plaintiff AMA Realty LLC ("AMA") filed its initial Complaint on January 23, 2013. D.E. 1. It then filed a First Amended Complaint ("FAC") on September 9, 2013. D.E. 31. The Defendants were 9440 Fairview Avenue LLC ("9440 Fairview"); Joseph M. Sanzari Inc.; Timothy Murray; North Bergen Asphalt LLC; Joseph M. Sanzari; and Tilcon New York Inc. ("Tilcon"). All Defendants except for 9440 Fairview and Tilcon were identified during the litigation as the "Sanzari Defendants." The FAC asserted the following counts against all Defendants except

Tilcon: Count One for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), Count Two for RICO conspiracy, Count Three for breach of contract, Count Four for negligence, Count Five for unjust enrichment, Count Six for violations of the Clean Water Act ("CWA"), Count Seven for fraud, and Count Nine for punitive damages. *Id.* Count Eight was a claim for private nuisance against Tilcon. In their amended Answer, Defendants filed a third-party complaint against Perfect Body & Fenders Co., Inc. ("Perfect Body") for contribution and indemnification, and counterclaims against Plaintiff for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. D.E. 64.[1]

On December 28, 2017, the Court issued three Opinions and Orders as to summary judgment motions. Tilcon's motion for summary judgment was granted. D.E. 219, 220. Summary judgment was also granted to the remaining Defendants on Counts One and Two and to the Sanzari Defendants on Counts Four, Five, Seven, and Nine. D.E. 215, 216. Perfect Body was granted summary judgment as to certain claimed damages. D.E. 217, 218.

The matter then proceeded to trial. At the close of Plaintiff's case, judgment as a matter of law was granted as to Count Six and as to all Sanzari Defendants. D.E. 329. Perfect Body was also dismissed from the case. On November 4, 2019, the jury returned a verdict in favor of Plaintiff and against 9440 Fairview on Count Three for breach of contract. The verdict was for $1,208,414.44.

## II. ANALYSIS

The amount of the verdict is not disputed for purposes of the final judgment. Instead, the parties dispute who is entitled to the moniker of "prevailing party" for purposes of awarding costs.

---

[1] The Third-Party Complaint also named Millennium Resource Recovery, Ltd., who was later terminated from the case. D.E. 175.

Federal Rule of Civil Procedure 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." The Court concludes that Plaintiff is the prevailing party vis-à-vis 9440 Fairview. Plaintiff is not the prevailing party as to the other Defendants because all were dismissed at the summary judgment stage or on the completion of Plaintiff's case.[2]

The United States Supreme Court has said the following of the term prevailing party:

> In designating those parties eligible for an award of litigation costs, Congress employed the term "prevailing party," a legal term of art. Black's Law Dictionary 1145 (7th ed.1999) defines "prevailing party" as "[a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded <in certain cases, the court will award attorney's fees to the prevailing party>.—Also termed *successful party*." This view that a "prevailing party" is one who has been awarded some relief by the court can be distilled from our prior cases.

*Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603 (2001) (footnote omitted). Both AMA and 9440 Fairview rely on the Third Circuit's decision in *Institutionalized Juveniles v. Sec'y of Public Welfare*, 758 F.2d 897 (3d Cir. 1985). In that case, the Circuit indicated that "[w]e have recently held that '[t]he standard used in this circuit for determining a plaintiff's prevailing party status is whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit.'" *Id.* at 910 (quoting *NAACP v. Wilmington*

---

[2] Defense counsel argues that the Sanzari Defendants should be considered prevailing parties as to AMA. D.E. 348. As noted, at the end of Plaintiff's case-in-chief, the Court granted Rule 50 motions as to the CWA claim and as to all Sanzari Defendants. Winning on a Rule 50 motion for a judgment as a matter of law can result in a party being considered a prevailing party under Rule 54. *See Lapierre v. Executive Industries, Inc.*, 117 F.R.D. 328, 329 (D. Conn. 1987). Yet, the Court does not grant costs for the following reasons. The Court is not aware of any costs relevant to the CWA claim as no evidence (or at least no evidence of substance) was submitted on the claim at trial. The evidence at trial as to the unjust enrichment claim was also necessary as to the breach of contract claim, on which Plaintiff did prevail. In other words, the Court is not aware of any additional costs incurred by defense counsel as to the unjust enrichment claim. Yet, Mr. Sanzari, individually, arguably could be considered entitled to costs on the unjust enrichment claim because he had separate counsel (Mr. Klingeman and Ms. Nau) representing him at trial, but Mr. Sanzari's counsel have not moved for costs.

3

*Medical Center, Inc.*, 689 F.2d 1161, 1167 (3d Cir.1982) (citing *Bagby v. Beal*, 606 F.2d 411, 415 (3d Cir.1979)), *cert. denied*, 460 U.S. 1052 (1983)). *Institutionalized Juveniles* interpreted "prevailing party" under 42 U.S.C. § 1988 rather than Rule 54. Nevertheless, the Third Circuit later indicated that the same standard applies to a "prevailing party" under Rule 54. *Tyler v. O'Neill*, 112 Fed. Appx. 158, 161 (3d Cir. 2004) (citing *Institutionalized Juveniles*, 758 F.2d at 910).

Clearly, AMA has obtained "some relief" or "some of the benefit sought" in the form of a verdict in excess of $1.2 million. To the extent 9440 Fairview considered this a *"de minimis* recovery,"* D.E. 352 at 6, the Court disagrees. Of note, 9440 Fairview did not avail itself of Federal Rule of Procedure 68 and make an offer of judgment in this case. If 9440 Fairview had, and the final verdict had been less favorable to AMA than the offer, then 9440 could have limited Plaintiff's costs as of the date of the offer.

In arguing that it is the prevailing party, 9440 Fairview relies on *Tyler*, 112 Fed. Appx. at 158. In that case, the plaintiff was a minority shareholder who sued for breach of fiduciary duty, fraud, RICO, and RICO conspiracy. *Id.* at 159. A jury awarded the plaintiff $225,000 for breach of fiduciary duty and fraud; the jury also found in favor of the plaintiff on the defendant's counterclaim. *Id.* at 160. The trial court, however, vacated the judgments as to the breach of fiduciary and fraud claims, finding that both were barred by the statute of limitations. *Id.* The defendants were then awarded costs. *Id.*

On appeal, the Third Circuit rejected the plaintiff's arguments that the defendants were not the prevailing parties. The Circuit first reviewed the considerations applicable to whether a side qualifies as a prevailing party:

> In this Circuit, the standard used for determining prevailing party status is "whether plaintiff achieved 'some of the benefit

4

> sought' by the party bringing the suit." *Institutionalized Juveniles,* 758 F.2d at 910 (citations omitted). In applying this standard, it is important to identify the relief plaintiff sought and, when relevant, the legal theories upon which relief was based. *Id.* at 911. Ordinarily, a party in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d). 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2667 (3d ed.1998). Because the test focuses on the relief actually obtained, however, "[i]n assessing who is a prevailing party, we look to the substance of the litigation's outcome," and "refuse to give conclusive weight to the form of the judgment." *Ross v. Horn,* 598 F.2d 1312, 1322 (3d Cir.1979), *cert. denied,* 448 U.S. 906 (1980). It logically follows from this approach that a party is prevailing to the extent extrajudicial relief renders claims moot. *Institutionalized Juveniles,* 758 F.2d at 911 (citing *Horn,* 598 F.2d at 1322). Moreover, significant to the prevailing party inquiry is whether the resolution of the dispute materially altered the legal relationship between the parties. *See Truesdell v. Philadelphia Hous. Auth.,* 290 F.3d 159, 163–64 (3d Cir.2002). This may occur through, for example, an enforceable judgment on the merits, or a settlement agreement enforceable through a court-ordered consent decree. *Buckhannon Bd. And Care Home, Inc. v. West Virginia Dept. Of Health and Human Res.,* 532 U.S. 598, 604 (2001).
>
> Where a defendant successfully defends against a plaintiff's substantial claims and judgment is entered accordingly, the defendant is generally considered the prevailing party for purposes of Rule 54(d)(1). *See, e.g., Russian River Watershed Protection Comm. v. City of Santa Rosa,* 142 F.3d 1136, 1144 (9th Cir.1998) . . . . "[A] determination of who is the prevailing party for purposes of awarding costs should not depend on the position of the parties at each stage of the litigation but should be made when the controversy is finally decided[.]" Wright, Miller & Kane, *supra* § 2667.

*Tyler,* 112 Fed. Appx. at 161 (second and third alterations added). In light of these considerations, the court in *Tyler* indicated that "we agree with the District Court that [plaintiff's] success in obtaining discovery and pre-trial settlement of one of his minor claims does not justify awarding him prevailing party status. Appellant failed to obtain relief on any of his major claims[.]" *Id.* The Circuit similarly disagreed that the defendants were not prevailing parties because they did not win their counterclaim. *Id.* at 161-62.

5

Turning to the case at hand, Plaintiff obtained relief on one of its major claims, the breach of contract count. As a result, *Tyler* is distinguishable. Likewise, 9440 Fairview's reliance on *Raab v. City of Ocean City*, 833 F.3d 286 (3d Cir. 2016) is misplaced. In that case, one municipal defendant was the prevailing party because it was granted summary judgment on all of the plaintiff's claims. *Id.* at 297. Here, by comparison, 9440 Fairview did not prevail on the breach of contract claim.[3]

9440 Fairview makes two final arguments. First, it states that AMA should not be entitled to recover costs unrelated to the breach of contract count. However, if 9440 Fairview believes that AMA is seeking costs to which it is not entitled, 9440 Fairview may seek review from the Court pursuant to Local Civil Rule 54.1(h). Second, 9440 Fairview contends that it wishes to preserve its right to file an attorney fee application. Without passing on the merits of such an application, the Court will permit 9440 Fairview leave to file such an application if it believes it is warranted.

### III. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party under Rule 54. An appropriate Final Judgment accompanies this Opinion.

Dated: December 30, 2019

John Michael Vazquez
United States District Judge

---

[3] The Court is somewhat sympathetic to 9440 Fairview's argument because 9440 Fairview made clear at trial that it was acknowledging that it breached the relevant lease. The primary issue at trial was the amount of damages due, and the jury ultimately reached a number more in accord with 9440 Fairview's position than that of AMA's. Yet, as noted, Rule 68 could have been an appropriate vehicle for 9440 to limit potential costs, but 9440 Fairview did not avail itself of the offer of judgment.

6